UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAPHAEL SCHINAISON,

Petitioner,

v.

WARDEN,

Respondent.

No. 1:26-cv-08081-DAD-CSK

ORDER GRANTING PETITIONER'S MOTION TO PROCEED *IN FORMA PAUPERIS*; GRATING PETTITION FOR HABEAS CORPUS; AND DENYING PETITIONER'S MOTIONS FOR A TEMPORARY RESTRAINING ORDER AND APPOINTMENT OF COUNSEL

(Doc. Nos. 1, 2, 3, 4)

Petitioner is a federal immigration detainee proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his current immigration detention. (Doc. No. 1.) Petitioner has also filed a motion to proceed *in forma pauperis* (Doc. No. 2), a motion for a temporary restraining order ("TRO") (Doc. No. 3), and a motion for appointment of counsel. (Doc. No. 4.) This court ordered respondent to file a response. (Doc. No. 7.)

Respondent filed an opposition to the TRO motion and therein does not object to the court ruling on petitioner's underlying habeas petition based on the briefing presently before it. (Doc. No. 8 at 1.) Accordingly, the court will do so. In its opposition, respondent argues that

petitioner is properly detained pursuant to 8 U.S.C. § 1225(b). (Doc. No. 8 at 1.) Respondent argues that petitioner is subject to the "entry fiction doctrine" and, therefore, he does not have any due process rights except those provided by statute. (*Id.* at 2.) Respondent contends that the Ninth Circuit's recent decision in *Padilla v. U.S. Immigration & Customs Enforcement*, 192 F.4th 894 (9th Cir. 2026) supports its position in this regard. (*Id.* at 2–3.) Respondent's argument in this regard is not persuasive.

The Ninth Circuit in *Padilla* explained that "except for the extremely narrow category of people covered by the entry fiction, every person in the United States is entitled to the Fifth Amendment's guarantee of due process, regardless of their citizenship or legal status." 192 F.4th at 914. Nonetheless, respondent contends that because petitioner is subject to mandatory detention under § 1225(b), *Padilla* holds that petitioner is not constitutionally entitled to any additional process beyond what is provided by statute. Respondent ignores, however, that the court in *Padilla* clearly stated that the entry fiction doctrine applies in "an admission, not a detention, case." 192 F.4th at 917. The court in *Padilla* further explained that "for that reason, as well as because" the class of plaintiffs in *Padilla* were not all subject to the entry fiction doctrine, that doctrine "has no application here, the government's fervent pleas for its vast expansion notwithstanding." *Id.* Indeed, the Ninth Circuit in *Padilla* went to great lengths to clarify that "[a]dmission and detention occupy fundamentally different positions in our legal order," and that while the executive branch enjoys "plenary power over admission, the principle that the government cannot arbitrarily detain people, including noncitizens, has been a central tenet of British and American legal traditions since the thirteenth century." *Id.* at 914. Moreover, numerous district courts have correctly interpreted *Padilla* as applying only to due process protections relating to admissibility, not detention. *See, e.g.*, *Marquez v. Warden, Desert View Facility*, No. 5:26-cv-05368-MBK, 2026 WL 2948874, at *4 (C.D. Cal. Oct. 1, 2026) (emphasizing that in *Padilla* the Ninth Circuit acknowledged "the government cannot arbitrarily detain people, including noncitizens ... and discuss[ed] the history of protections against arbitrary detention applied to noncitizens") (citation modified); *Kleber Vasquez v. Hernandez*, No. 2:26-cv-02873-TMC, 2026 WL 2936770, at *2 (W.D. Wash. Sep. 30, 2026) (addressing a noncitizen

who was detained after expiration of her § 1182(d)(5) parole following *Padilla*, and explaining that "while [the petitioner's] legal status regarding admission reverted to that of an arriving noncitizen once her parole expired, the Due Process clause continued to require constitutionally adequate procedures surrounding her detention"). Because petitioner here challenges the lawfulness of his present detention, not his admissibility, *Padilla* does not affect this court's analysis regarding the due process protections that must be complied with in order to lawfully subject petitioner to detention. *See Bayas v. Warden Cent. Valley Annex Det. Facility*, No. 1:26-cv-08333-DAD-JDP (E.D. Cal. Oct. 20, 2026).

The relevant facts are these. On or about March 3, 2024, petitioner entered the United States at a port of entry where he was then detained by immigration authorities but released on parole. (Doc. No. 8-3 at 2.) On or about May 6, 2026, petitioner was re-detained by immigration authorities and he remains in custody. (Doc. No. 8-4 at 1.) Considering petitioner's prior release from immigration authorities on parole upon his arrival to the United States, petitioner was entitled to notice and pre-deprivation process prior to his re-detention, neither of which was provided in this case. *See Chavarria v. Chestnut*, No. 1:25-cv-01755-DAD-AC, 2025 WL 3533606, at *3–5 (E.D. Cal. Dec. 9, 2025) (finding petitioner's prior release on parole by immigration authorities created a liberty interest in his continued release). Accordingly, pursuant to the court's reasoning in *Chavarria*, petitioner is entitled to both his immediate release and an injunction that he may not be re-detained absent notice and a pre-detention hearing before an immigration judge.

For the reasons explained above:

1. Petitioner's motion to proceed *in forma pauperis* (Doc. No. 2) is GRANTED;
2. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:
    a. Respondent is ORDERED to immediately release petitioner RaPhael Schinaison, A-File No.244-424-540, from respondent's custody; on the conditions, if any, he was subject to prior to his current detention that began on or about May 6, 2026;

b. Respondent is ENJOINED and RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and its implementing regulations;

3. Petitioner's motions for temporary restraining order (Doc. No. 3) and for appointment of counsel (Doc. No. 4) are DENIED as having been rendered moot by this order granting his petition for writ of habeas corpus on the merits;

4. The Clerk of the Court is directed to serve the warden of California City Detention Facility with a copy of this order; and

5. The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and to CLOSE this case.

IT IS SO ORDERED.

Dated: **November 13, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE